IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY DOCKERY | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN M. McCULLOUGH, et al. | : | NO. 02-4000 |
|     Respondents | : | |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                                                                      May   , 2003

       The Magistrate Judge to whom this habeas corpus action was referred has filed a report recommending that the petition be dismissed as untimely.  While it is entirely possible that this recommendation is correct, I believe the present record is insufficient to permit a confident ruling on that subject.

       The respondent District Attorney was ordered to file a response to the petition for habeas corpus, and to include with that response copies of all state court decisions in the case.  The District Attorney has not yet complied with that order.  Instead, after requesting and being granted several extensions of time for a response (some of which requests were filed after the deadline had expired), the District Attorney filed a response which merely asserts that office's legal position that the petition is untimely.

       Whether the petition was or was not timely filed depends in large measure upon whether his second state court PCRA

petition tolled the running of the statute because it was "properly filed" and still pending, and whether, in any event, petitioner is able to show a basis for equitable tolling of the statute of limitations. The District Attorney's response asserts that the second state court PCRA petition was dismissed because it was untimely, and therefore not "properly filed" but, without reviewing the state court decisions on that subject, that assertion cannot be verified.

Although the *pro se* petition does not address the timeliness issue (which is, after all, a matter of defense) petitioner has now filed objections to the Magistrate's report, asserting that he does indeed have valid grounds for equitable tolling.

In these circumstances, I consider it appropriate to re-refer the case to the Magistrate Judge, with the suggestion that the District Attorney's office be required to comply with the Magistrate Judge's initial order in the case, and that the petitioner be afforded an opportunity to supplement the record with reasons claimed to warrant equitable tolling of the limitations period; and that the case be reconsidered in light of these subsequent developments.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY DOCKERY : | | CIVIL ACTION |
|     Petitioner : | | |
| : | | |
|   v. : | | |
| : | | |
| JOHN M. McCULLOUGH, et al. : | | NO. 02-4000 |
|     Respondents : | | |

<u>                            ORDER</u>

AND NOW, this      day of May 2003, IT IS ORDERED that this matter is REFERRED back to United States Magistrate Judge Linda K. Caracappa for further proceedings consistent with the accompanying memorandum.

                                                  John P. Fullam, Sr. J.