IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY DOCKERY, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN McCULLOUGH, *et al.*, | : | |
|     Respondents | : | No. 02-CV-4000 |

### SUPPLEMENTAL REPORT AND RECOMMENDATION
LINDA K. CARACAPPA
U.S. MAGISTRATE JUDGE

    Presently before this court is a petition presented by counsel for a Writ of *Habeas Corpus* filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petitioner, Timothy Dockery ("Dockery"), is currently incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania. For the reasons set forth below, this court recommends that the petition be DENIED and dismissed as untimely.

### FACTUAL AND PROCEDURAL HISTORY[1]

    On May 18, 1988, Dockery and the two-co-defendants entered Gregory Tutt's ("Tutt")house and murdered Tutt, Dawn Gross, Hassan Uqdah and James Saunders. Following a jury trial, Dockery was convicted of four counts of second-degree murder and one count of burglary, possessing an instrument of crime ("PIC") and

---

[1] The facts set forth below were compiled from the Petition for Writ of *Habeas Corpus*, Response filed on behalf of respondents by the Philadelphia District Attorney, and Petitioner's Supplemental Memorandum regarding the issue of equitable tolling.

conspiracy. On February 6, 1991, Dockery was sentenced to four consecutive life sentences for murder, a consecutive term of 5 to 10 years' imprisonment for conspiracy and a consecutive term of 2 and one-half to five years for PIC. On June 2, 1992, the Superior Court affirmed the judgment of sentence in a memorandum opinion. Commonwealth v. Dockery, 613 A.2d 1259 (Pa.Super. 1992)(Table). Dockery did not seek allowance of appeal.

Petitioner filed a petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), which was denied on its merits May 23, 1996. On July 23, 1997, the Superior Court affirmed the denial in a memorandum opinion. Commonwealth v. Dockery, 701 A.2d 776 (Pa.Super. 1997)(Table). Dockery sought allowance of appeal from the Supreme Court of Pennsylvania, which was denied on March 10, 1998. Commonwealth v. Dockery, 723 A.2d 669 (Pa. 1998)(Table).

On March 8, 1999, Dockery filed a second PCRA petition, which on March 24, 1999, the PCRA court dismissed as untimely by a little more than two weeks. The Superior Court affirmed the dismissal in a memorandum opinion dated April 15, 2002. Commonwealth v. Dockery, 803 A.2d 790 (Pa.Super. 2002)(Table). Dockery did not seek allocatur.

On June 20, 2002, Dockery filed the instant Petition for Writ of *Habeas Corpus*.

Commonwealth claims that Dockery is not entitled to federal

relief because his petition is time-barred and, therefore, must be dismissed.

## DISCUSSION

<u>TIMELINESS</u>

Notwithstanding petitioner's allegation of substantive grounds for relief, one procedural obstacle precludes federal review of those claims – timeliness.  Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), enacted April 24, 1996:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> (A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;...
>
> 28 U.S.C. § 2244(d)(1)(1996).

If direct review of a criminal conviction ended prior to the statute's effective date, then under Third Circuit precedent, a prisoner has one-year subsequent to the effective date to commence a *habeas* action.  <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998).  These limitations provisions have been construed to allow prisoners a one-year grace period following the effective date of April 24, 1996, in which to initiate their *habeas* actions, regardless of that date on which direct review concluded, as long as the date was prior to April 24, 1996.  <u>Id.</u>

In this case, direct review of Dockery's convictions concluded in 1992, when the Superior Court affirmed his judgment of sentence and he did not seek allocatur.  Accordingly, the one-year grace period was applicable and Dockery had until April 23, 1997, to file a timely federal *habeas* petition, unless he could toll the statute of limitations.

The statute creates a tolling exception, which notes that, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."  Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).  If petitioner files an out-of-time application and the state court dismisses it as either time-barred or waived, then it is not deemed to be a "properly-filed application."  Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999); Cohen v. District Attorney for Philadelphia County, Civ. A. No. 98-136, 1999 WL 358966, *3 (E.D. Pa. June 4, 1999).  Notably, § 2244(d)(2) of the AEDPA excludes from the one year period only the time that a properly filed collateral attack is actually under submission,.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104

4

(2000)("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."); Flanagan v. Johnson, 154 F.3d 196, 199 n. (5th Cir. 1998) ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for *habeas corpus* was properly filed must be counted against the one year period of limitation.").

There is no question that Dockery's first petition was "properly filed" for purposes of 28 U.S.C. § 2244(d)(2), and tolled the *habeas corpus* limitations period.  Dockery filed timely appeals in the Superior Court of Pennsylvania and the Pennsylvania Supreme Court.  Therefore, the AEDPA limitation period was tolled until March 10, 1998, when the Supreme Court denied allocatur from the Superior Court's affirmance of the dismissal of Dockery's first PCRA petition.  Therefore, Dockery had one year or 365 days from March 10, 1998, i.e. until March 10, 1999, to file a federal petition for writ of *habeas corpus*, unless again it could be tolled by a "properly filed" petition for post-conviction relief.[2]

---

[2] See Carey v. Saffold, 123 S.Ct. 2578 (2002)(a petition is pending during the time between a lower court decision and the timely appeal to a higher court); Stokes v. District Attorney of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001)("the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of

On March 10, 1998, the limitations period began to run. After 363 days from the final judgment, Dockery filed his second PCRA petition on March 8, 1999. On April 15, 2002, the Superior Court affirmed the dismissal of this petition which was determined to be untimely.

Since the state courts concluded that Dockery's second PCRA petition was untimely, this court will now address the question of whether the second petition was "properly filed" for purposes of tolling the statute of limitations pursuant to § 2244(d).

The Supreme Court of the United States has not directly addressed whether a state post-conviction petition dismissed as untimely is considered "properly filed" for purposes of § 2244(d)(2). However, the Supreme Court has given guidance in filing federal *habeas* claims. In Artuz v. Bennett, 531 U.S. 4 (2000) the Supreme Court held that,

> "An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."

Id. at 8(footnote omitted).

In a footnote, the Court noted that,

> We express no view on the question whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed.

---

limitations").

Id. at 8, n.2.

The language of this footnote implies that, absent exceptions in the state statute, an untimely filed state post-conviction petition would not be considered "properly filed" for purposes of § 2244(d)(2).

The Third Circuit has addressed the issue of a "properly filed" petition. The Third Circuit held in Merritt v. Blaine, 362 F.3d 157 (3d Cir. 2003), that an untimely application for state post-conviction relief by a petitioner, is not "properly filed" under 28 U.S.C. §2244(d)(2) and, therefore, cannot toll the statute of limitations. See also Lovasz v. Vaughhn, 134 F.3d 146, 148 (3d Cir. 1998), (holding that "a properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. These requirements encompasses all procedures, including that of filing a successive petition. Id.)

Furthermore, in Fahey v. Horn, 240 F.3d 239 (3d Cir. 2001), the court held that the federal court must "defer to [the] state's highest court." Id. at 244. In that case, the court held that the petitioner's PCRA petition was untimely, was not "properly filed", and, therefore, could not serve to toll the limitations period.

This court finds that even though the state court's determination that Dockery's second PCRA petition was untimely,

7

and therefore, this petition was not "properly filed" pursuant to § 2244(d), this issue is deemed moot. More succinctly, Dockery's federal *habeas* petition is untimely regardless of whether his second PCRA petition tolled the grace period.

It is clear that Dockery waited 363 days before filing the second PCRA petition. Having found that the second PCRA petition did not toll the statute of limitations, Dockery had until March 10, 1999, in which to file his federal *habeas* petition. Since he did not file this petition until June 20, 2002, it is almost three years late.

Assuming *argumendo* that the filing of his second PCRA petition tolled the one-year statute of limitations, Dockery's federal habeas petition is still untimely filed. If it was tolled, the judgment would be considered final on May 15, 2002, 30 days after the final decision of the Superior Court.[3] Therefore, having used 363 days, Dockery had only 2 days in which to file the federal habeas, i.e. May 17, 2002. Dockery did not file it until June 20, 2002. Therefore, Dockery would have been over 30 days late.

Having found that Dockery's petition is untimely, regardless of statutory tolling, we now consider whether equitable tolling

---

[3] See Pa.R.A.P. 903(a)(allowing 30 days for a notice of appeal to be filed). See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999)(judgment becomes final at the conclusion of direct review or the expiration of time for filing such review, including the time for filing a petition for writ of certiorari in the United States Supreme Court).

is appropriate in this case.  Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998)(quotation omitted).  The petitioner "must show that he or she exercised reasonable diligence in investigating and bring [the] claims.  Mere excusable neglect is not sufficient." <u>Id.</u> at 618-619 (internal quotation omitted).  The Third Circuit has found that § 2244's limitations period is subject to equitable tolling in four narrow circumstances:(1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has mislead the plaintiff into believing that he has done everything require of him.  <u>Jones. v. Morton</u>,195 F.3d 153, 159 (3d Cir. 1999).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." <u>Fary v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S. Ct. 323 (2001).  To otherwise apply equity would "loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and

subjective notions of fair accommodation." Harris v. Huchinson, 209 F.3d 323, 330 (4th Cir. 2000). Equitable tolling is to be invoked "only sparingly," see United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998), and only when the petitioner established that he exercised "reasonable diligence" in investigating and bringing the claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998)(citing New Castle County v. Haliburton NUS Corp., 111 F. 3d 1116, 1126 (3d. 1997).

Regarding the issue of tolling, Dockery argues that his second PCRA petition should have tolled the statute of limitations.[4] To bolster his position, Dockery employs Pace v. Vaughn, 151 F.Supp. 2d 586 (E.D. Pa. 2001). However, Dockery's interpretation of Pace is misplaced.

In Pace, the PCRA court denied the second petition on its merits. The petitioner appealed that decision to the Superior Court of Pennsylvania. Without addressing the merits of the petition, the Superior Court dismissed the petition as untimely. With regard to the federal *habeas* petition, the district court held that the PCRA petition was "properly filed" for the purposes of tolling and, therefore, the petitioner was entitled to equitable tolling while the PCRA petition was pending in state

---

[4] In Dockery's Supplemental Memorandum he discusses not only the issue of equitable tolling but also details issues presented in his original *habeas* petition. Having found that this *habeas* petition is untimely, this court will not address the issues on the merits.

court, even though the state court ultimately determined the petition was not "properly filed."

Dockery's posture for *habeas* relief differs from that of the petitioner in Pace. In this matter, Dockery used 363 days before he filed his second PCRA. Dockery does not assert that he filed the second petition in compliance to the state's filing requirements. Conversely, in Pace, when the petitioner filed the second PCRA petition, the time limits in which to file a PCRA petition had recently been amended on January 16, 1996[5], and no state court had yet determined the application of those limits. Id. at 587-588. Dockery, however, filed his second PCRA on March 8, 1999, well after the amended time limits had been established and interpreted by the Pennsylvania state courts. However, this discourse of whether Dockery could have known that his second PCRA would have be deemed untimely by the state court is an academic exercise because Dockery's federal *habeas* petition is still untimely regardless of whether the second PCRA tolled the statute of limitations.

Dockery, therefore, has failed to demonstrate that "extraordinary circumstances" unfairly prevented him from asserting his rights. Miller v. New Jersey State Department of Corrections, 145 F.3d at 618.

Having determined that this petition is untimely, regardless

---

[5] See, 42 Pa.C.S.A. § 9545.

of whether the second PCRA tolled the statute of limitations, and that Dockery fails to meet any exception to the limitations period of §2244(d)(1), and also fails to offer any valid basis to trigger equitable tolling, this court makes the following:

RECOMMENDATION

AND NOW, this _____ DAY OF July, 2003, IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of *habeas corpus* be denied with prejudice.  It is also RECOMMENDED that a certificate of appealaility not be granted.

BY THE COURT:

_____
LINDA K. CARACAPPA
U.S. MAGISTRATE JUDGE

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TIMOTHY DOCKERY,                    :    CIVIL ACTION
     Petitioner                     :
                                    :
     v.                             :
                                    :
JOHN McCULLOUGH, et al.,            :
     Respondents                    :    No.  02-CV-4000
```

ORDER

FULLAM, J

AND NOW, this     day of     , 2003, upon consideration and independent consideration of the petition for writ of *habeas corpus*, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, IT IS ORDERED that:

(1) The Report and Recommendation is APPROVED and ADOPTED.

(2) The petition for a writ of habeas corpus is DENIED with prejudice.

(3) There is no probable cause to issue a certificate of appealability.

(4) The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

_____
FULLAM, J.