# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TIMOTHY DOCKERY | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 02-4000 |
| UNITED STATES OF AMERICA, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                   September 27, 2018

Timothy Dockery is serving four consecutive life sentences after a Philadelphia County jury convicted him in 1991 of murdering four persons during a 1988 house break-in. Mr. Dockery contends he did not commit the murders. In 2002, Mr. Dockery petitioned *pro se* for habeas relief arguing the Philadelphia County trial violated his federal constitutional rights through trial counsel's ineffective assistance, the prosecution's improper conduct, and the state trial court's evidentiary rulings. Judge Fullam of this Court denied his 2002 habeas petition on January 6, 2004, as time barred. Over fourteen years later, Mr. Dockery now moves for relief under Federal Rule of Civil Procedure 60(b) from the January 6, 2004 Order based in part on a 2016 declaration from a material witness he claims proves his innocence, and based on the Supreme Court's 2012 decision in *Martinez v. Ryan*.[1]

We cannot award Mr. Dockery the relief he seeks based on alleged actual innocence under Federal Rule of Civil Procedure 60(b). We do not consider Mr. Dockery's actual innocence claim through Rule 60(b); he must present the actual innocence claim in a successive habeas petition. We also cannot find the Supreme Court's 2012 decision in *Martinez v. Ryan*—which announced a limited exception to procedural default of ineffective assistance of trial counsel claims—allows us to revisit his untimely habeas petition. Even assuming Mr. Dockery's

other Rule 60(b)(6) arguments are timely, we find no basis to disturb the January 6, 2004 Order denying Mr. Dockery's habeas petition.

I.  **Background**

Convicted by a Philadelphia County jury in 1991 of four murders during a 1988 house break-in, Mr. Dockery petitioned for habeas relief on June 20, 2002. Mr. Dockery incorrectly filed the standard "Form for Motions under 28 U.S.C. § 2255."[2] This Court entered an order providing Mr. Dockery leave to file the appropriate petition under 28 U.S.C. § 2254 and ordered the Clerk to provide Mr. Dockery the appropriate form on which to do so.[3] Mr. Dockery filed his petition on the appropriate form on August 19, 2002.[4]

Mr. Dockery's August 2002 petition argued the state court trial judge denied him his Sixth Amendment right to represent himself; his trial counsel provided ineffective assistance; the prosecution failed to disclose material evidence and suborned perjury; and, the trial judge committed various instructional and evidentiary errors. Judge Fullam of this Court denied Mr. Dockery's habeas petition as time barred in a January 6, 2004 Order approving and adopting the report and recommendation of Magistrate Judge Caracappa.[5] The court did not reach the merits. Mr. Dockery sought a certificate of appealability, which our Court of Appeals denied.[6]

Over thirteen years later, Mr. Dockery moved our Court of Appeals for permission to file a second or successive habeas petition, raising new evidence in support of his innocence.[7] His new evidence consisted of a declaration from Timothy Quattlebaum, a key Commonwealth trial witness against Mr. Dockery who testified he planned the murders with Mr. Dockery. In his 2016 declaration, Mr. Quattlebaum now swears he does not know who committed the murders. Mr. Dockery also attached a copy of Mr. Quattlebaum's plea agreement. After considering this evidence, our Court of Appeals denied Mr. Dockery's request to file a second or successive

petition on November 21, 2017. Our Court of Appeals found Mr. Quattlebaum's declaration does not satisfy 28 U.S.C. §2244(b)(2)(B), which requires a prima facie showing the newly discovered evidence "'could not have been discovered previously through the exercise of due diligence,' and which demonstrates his actual innocence by clear and convincing evidence."[8]

Almost ten months after our Court of Appeals' November 21, 2017 Order denying his request to file a second or successive habeas petition based on a claim of actual innocence, Mr. Dockery now moves for relief under Fed.R.Civ.P. 60(b) from this Court's January 6, 2004 Order denying his habeas petition as untimely.[9]

## II. Analysis

### A. Under Rule 60(b), we may only consider Mr. Dockery's arguments attacking the integrity of the earlier habeas judgment.

Mr. Dockery now hopes to reargue his innocence to vacate Judge Fullam's January 6, 2004 Order denying habeas relief based on Federal Rule of Civil Procedure 60(b). He may not reargue his innocence under Rule 60(b).

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."[10] Mr. Dockery invokes Rule 60(b)'s "catch-all provision"—Rule 60(b)(6)—which "authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the Rule."[11] Although Rule 60(b)(6) "provides [courts] a grand reservoir of equitable power to do justice in a particular case,"[12] we may only award relief if a litigant requests it "within a reasonable time."[13]

The Supreme Court's decision in *Gonzalez v. Crosby* further guides our Rule 60(b) analysis. In *Gonzalez*, the Supreme Court held a movant's cite to Rule 60(b) is not controlling; we must independently analyze the Rule 60(b) arguments to ensure compliance with 28 U.S.C.

§ 2244, which prohibits district courts from considering a second or successive claim for habeas relief without approval from our Court of Appeals.[14] Rule 60(b) relief is therefore unavailable if the motion asserts a "federal basis for relief from [the underlying] state court's judgment of conviction."[15] A Rule 60(b) motion is proper, by contrast, when it attacks "some defect in the integrity of the federal habeas proceedings."[16] An example is a Rule 60(b) motion "challeng[ing] only the District Court's previous ruling on the AEDPA statute of limitations."[17]

### B. Mr. Dockery fails to show he timely filed his Rule 60(b) motion based on *Martinez v. Evans.*

Mr. Dockery faces a timeliness obstacle as "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[18] Though there is no clear definition of "reasonable time," our Court of Appeals has held a period of less than two years is not a reasonable time.[19] Over fourteen years passed since Judge Fullam's Order.

Before turning to the merits of whether we can address entirely new arguments challenging his 1991 conviction possibly not raised before Judge Fullam in 2002 and 2003, we need to address the timeliness of Mr. Dockery's present tact. A Rule 60(b)(6) motion must be filed within a reasonable time. In *Fraticelli v. Piazza*, the district court held five years after the initial judgment constituted an unreasonable time for a 60(b)(6) motion.[20] In *Thompson v. Superintendent Coal Township SCI*, our Court of Appeals held three years as an unreasonable amount of time for a Rule 60(b)(6) motion.[21] Our Court of Appeals examined whether petitioner had an excuse justifying the three years in delay before filing.[22] Finding no excuse, our Court of Appeals rejected the Rule 60(b)(6) application.[23]

The only way Mr. Dockery's Rule 60(b) motion could be timely is if we found he moved for relief within a reasonable time after the Supreme Court decided *Martinez v. Ryan* in 2012 and

4

the *Martinez* opinion constituted a change in controlling law. Where a litigant bases his 60(b)(6) motion on new legal authority, a litigant must file the motion "within a reasonable time of that [new] decision, [or] the motion will fail."[24] Mr. Dockery's petition fails on both fronts.

In *Martinez v. Ryan*, the Supreme Court considered whether a prisoner's "[i]nadequate assistance of counsel at initial-review collateral proceedings [could] establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."[25] *Martinez* involved a prisoner convicted of illegal sexual acts attempting to bring an ineffective assistance of counsel claim.[26] On appeal, however, Mr. Martinez's counsel began collateral proceedings but failed to argue his trial counsel had been ineffective, even though Arizona law "require[d] claims of ineffective assistance at trial to be reserved for state collateral proceedings."[27] When Mr. Martinez later attempted to raise this argument in a federal habeas petition, the court dismissed his claim as procedurally defaulted.[28] On appeal the Supreme Court addressed the standard from *Coleman v. Thompson*,[29] holding a prisoner could not show cause to excuse a procedural default based on an attorney's errors in initial-review post-conviction relief "'because the attorney is the prisoner's agent . . . [and] under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent.'"[30] *Coleman*, in practice, barred prisoners from bringing ineffective assistance claims in a subsequent collateral proceeding if their attorney did not raise the claim in the initial collateral proceeding.[31] In *Martinez*, the Court created a narrow exception to this rule, holding a prisoner may establish cause for a procedural default in initial-review collateral proceedings because of the "key difference between initial-review collateral proceedings and other kinds of collateral proceedings."[32] The Court recognized prisoners are ill-equipped to represent themselves, lacking a brief from counsel or an opinion from the court and

5

often assert ineffective assistance claims against the very attorneys representing them on appeal.[33]

Based on this risk to prisoners of inadvertently waiving their right to bring an ineffective assistance claim, the Court created two circumstances for a prisoner to establish cause for a procedural default in ineffective assistance cases.[34] First, cause for default is warranted if "the state courts did not appoint counsel in the initial-review collateral proceeding," or second, "appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*."[35] To prevail, the prisoner must demonstrate their underlying ineffective assistance claim is a "substantial one," possessing "some merit."[36] However, even in creating this equitable procedure to examine initial-review collateral proceedings, the Court cautioned "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here."[37] *Martinez*, however, acknowledged only an exception to procedural default, not AEDPA's statute of limitations.

In *Cox v. Horn*, our Court of Appeals found a 60(b)(6) motion filed "roughly ninety days" after the Supreme Court's 2012 decision in *Martinez v. Ryan* to be timely filed within a reasonable amount of time.[38] Our Court of Appeals in *Cox* remanded to the district court for consideration of "all the particulars of [the] movant's case" bearing on the 60(b)(6) motion, including the "post-judgment change in the law."[39] The parties did not dispute the timeliness of the 60(b)(6) motion before our Court of Appeals in *Cox*.[40] By way of contrast, our distinguished colleague Judge C. Darnell Jones II held last week a Rule 60(b)(6) motion filed one full year after a new Supreme Court decision is untimely.[41] We have no basis to find a delay of over six years since *Martinez* is timely.

6

But even if we found Mr. Dockery filed his August 2018 motion in a reasonable time after the Supreme Court's 2012 *Martinez* decision, he also fails to show *Martinez* alters the controlling law. As in *Curtis Crosland,* Judge Fullam denied Mr. Dockery's 2002 habeas petition as untimely and not because of a procedural default. These are different concepts. As Judge Jones held: "[b]ecause Petitioner's original habeas petition was denied as untimely, and not on the basis of procedural default, *Martinez* does not provide a basis for 60(b) relief." We agree with Judge Jones and find, even if we could find Mr. Dockery timely moved for relief approximately six years after the Supreme Court's 2012 *Martinez* decision, the Court's teachings in *Martinez* do not apply to his time-barred habeas petition.

    **C.    The District Attorney's proper role in the habeas proceedings.**

Even assuming Mr. Dockery's Rule 60(b)(6) motion is timely, governing authority forecloses his arguments challenging the District Attorney's involvement in the case. He argues the standard form requiring he name the District Attorney and the order requiring the District Attorney respond to his petition prejudiced his habeas proceedings. These arguments flow from the false premise the District Attorney is an improper representative of the Commonwealth.

Mr. Dockery relies on the Commonwealth Attorneys Act, 16 P.S. § 1402(a), but this reliance is misplaced. "[S]tate law provides that district attorneys serve as a replacement for state deputy attorneys general and 'conduct in court all criminal and other prosecutions, *in the name of the Commonwealth* . . . ."[42] Under Pennsylvania law, "[t]he District Attorney's 'client' is the Commonwealth of Pennsylvania."[43] District Attorneys, the Pennsylvania Supreme Court held, perform all of their duties "on behalf of the Commonwealth."[44] Our Court of Appeals recognizes the Pennsylvania District Attorneys' broad "power to advocate sentences, to defend convictions

7

in both state court actions *and habeas actions in federal court*, and to represent the Commonwealth in challenges to the constitutionality of the state's penal statutes."[45]

We find no grounds to question the standard form our Clerk provided Mr. Dockery. The form contained three lines requiring he name: (1) the "[w]arden, [s]uperintendent, [j]ailor, or authorized person having custody of petitioner"; (2) "The District Attorney of the County of [Philadelphia]"; and (3) "The Attorney General of the State of [Pennsylvania]."[46] The form complied with federal law, which requires a habeas petition allege "the name of the person who has custody over him and by virtue of what claim or authority, if known."[47]

The District Court's order directing the District Attorney to respond was also proper. The rules governing federal habeas proceedings permit a judge to order a respondent file an answer to the petition.[48] Mr. Dockery also contends the District Attorney failed to intervene in this case under Fed. R. Civ. P. 24, "and therefore never properly became a party respondent in this case."[49] Intervention, however, is unnecessary. The District Attorney was an original named party on the habeas petition.[50]

Given the District Attorney's proper role in representing the Commonwealth in these proceedings, we find no merit in Mr. Dockery's argument the Attorney General waived the Commonwealth's interest in opposing his habeas petition. On behalf of all Defendants, the District Attorney argued the untimeliness of Mr. Dockery's 2002 habeas petition.[51] No party affirmatively represented it "[would] not challenge . . . the timeliness of [the] habeas petition."[52]

**D. Mr. Dockery's remaining arguments do not challenge the integrity of the 2004 habeas judgment.**

Mr. Dockery raises other arguments asking us to reconsider various aspects of our Court of Appeals' 2017 denial of his motion to file a second or successive habeas petition. We cannot do this.

Mr. Dockery also argues he received ineffective assistance of trial counsel and ineffective assistance from the attorney who represented him while pursuing his post-conviction claims under Pennsylvania's Post-Conviction Relief Act (PCRA). Mr. Dockery's ineffective assistance claims falls within 28 U.S.C. § 2244, and we may not consider it absent Mr. Dockery obtaining permission to file a successive habeas petition.

### E. We may not consider Mr. Dockery's actual innocence claim without permission from our Court of Appeals.

Mr. Dockery raises an actual innocence claim based on Mr. Quattlebaum's declaration. But "a Rule 60(b) motion cannot be used to present a new claim for relief or to present new evidence for a claim already litigated because permitting such motions would 'circumvent the requirement that a successive habeas petition be precertified by the Court of Appeals.'"[53]

Mr. Dockery presented this new evidence to our Court of Appeals in his 2017 request for permission to file a second or successive habeas petition. Our Court of Appeals denied Mr. Dockery's request, finding Mr. Quattlebaum's declaration fails to satisfy 28 U.S.C. § 2244(b)(2)(B), which requires Mr. Dockery make a prima facie showing the newly discovered evidence "'could not have been discovered previously through the exercise of due diligence,' and which demonstrates his actual innocence by clear and convincing evidence."[54]

Absent permission from our Court of Appeals, we may not consider Mr. Dockery's claim of actual innocence based on Mr. Quattlebaum's declaration.[55]

### III. Conclusion

Mr. Dockery's *pro se* motion seeking relief under Rule 60(b)(6) from Judge Fullam's January 6, 2004 Order must be filed "within a reasonable time."[56] Mr. Dockery filed his Rule 60(b)(6) motion over fourteen years after the 2004 habeas judgment from which he seeks relief.

9

Fourteen years is not a reasonable time. We deny Mr. Dockery's request for relief from this Court's January 6, 2004 Order denying his untimely habeas petition in the accompanying Order.

---

[1] 566 U.S. 1 (2012).

[2] *See* ECF Doc. No. 1.

[3] *See* ECF Doc. No. 2.

[4] *See* ECF Doc. No. 3.

[5] *See* ECF Doc. No. 29.

[6] *See* ECF Doc. No. 32.

[7] *See In re: Timothy Dockery*, Court of Appeals Case No. 17-3162, Dkt. No. 2 (Oct. 2, 2017).

[8] ECF Doc. No. 33.

[9] ECF Doc. No. 34.

[10] *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

[11] *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quoting Fed. R. Civ. P. 60(b)(6)), *remanded to* No. 00-5188, 2018 WL 4094963 (E.D. Pa. Aug. 28, 2018).

[12] *Id.* at 122 (citation and internal quotation marks omitted).

[13] Fed. R. Civ. P. 60(c)(1).

[14] *Gonzalez*, 545 U.S. at 530–32.

[15] *Id.* at 530.

[16] *Id.* at 535.

[17] *Id.* at 533.

[18] Fed. R. Civ. P. 60(c)(1).

[19] *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987).

[20] *Fraticelli v. Piazza*, No. 08-688, 2008 WL 2152058, at *4 (E.D. Pa. May 22, 2008).

[21] *Thompson v. Superintendent Coal Twp. SCI*, No. 17–1239, 2017 WL 3272205, at *1 (3d Cir. 2017).

[22] *Id.*

[23] *Id.*

[24] *Cox*, 757 F.3d at 116.

[25] *Martinez*, 556 U.S. at 9.

[26] *Id.* at 4.

[27] *Id.* at 6.

[28] *Id.* at 6–7.

[29] *Coleman v. Thompson*, 501 U.S. 722 (1991).

[30] *Martinez*, 556 U.S. at 10 (quoting *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012)).

[31] *Id.*

[32] *Id.*

[33] *Id.* at 11.

[34] *Id.* at 14.

[35] *Id.* (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[36] *Martinez*, 556 U.S. at 14.

[37] *Id.* at 16.

[38] *Cox*, 757 F.3d at 116.

[39] *Id.* at 122.

[40] *Id.* at 116.

[41] *Curtis Crosland v. Donald T. Vaughn*, No. 03-1459, 2017 WL 10257069, at *3 (E.D. Pa. June 28, 2017), *report and recommendation adopted*, 2018 WL 4490920 (E.D. Pa. Sept. 18, 2018).

[42] *N.N. v. Tunkhannock Area Sch. Dist.*, 801 F. Supp. 2d 312, 317–18 (M.D. Pa. 2011) (quoting 16 P.S. § 1402(a)).

[43] *Bare v. Cruz*, No. 10-4546, 2012 WL 1138591, at *4 (E.D. Pa. Apr. 2, 2012) (citing 16 P.S. § 1402).

[44] *Com. ex rel. Specter v. Martin*, 232 A.2d 729, 736 (Pa. 1967).

[45] *Harris v. Pernsley*, 820 F.2d 592, 598 (3d Cir. 1987) (emphasis added).

[46] ECF Doc. No. 3.

[47] 28 U.S.C. § 2242.

[48] Rules Governing Section 2254 Cases in The United States District Courts, Rule 5(a).

[49] ECF Doc. No. 34 at 5.

[50] *See Saldano v. Roach*, 363 F.3d 545, 550 (5th Cir. 2004) (considering District Attorney's motion to intervene in habeas proceedings).

[51] *See* ECF Doc. No. 14 (arguing, "on behalf of respondents," Mr. Dockery's habeas petition was untimely).

[52] *Wood v. Milyard*, 566 U.S. 463, 465 (2012).

[53] *United States v. Schwartz*, No. 03-35-1, 2018 WL 847767, at *3 (E.D. Pa. Feb. 12, 2018) (quoting *Gonzalez*, 545 U.S. at 532), *appeal docketed*, No. 18-1764; *see Kallen E. Dorsett, Jr. v. United States*, No. 12-00401 (E.D. Pa. Sept. 26, 2018) (denying Petitioner's 60(b) motion as an improper "collateral attack" where it "seeks to challenge the underlying criminal proceeding and not this Court's decision denying habeas relief").

[54] ECF Doc. No. 33 (quoting 28 U.S.C. § 2244(b)(2)(B)).

[55] Mr. Dockery also argues Mr. Quattlebaum's declaration is evidence of perjury at trial and is a separate "extraordinary circumstance" warranting relief under Rule 60(b)(6). *See* ECF Doc. No. 34 at 30–32. This is not a separate circumstance. This is the same challenge to the trial testimony. It is the flip side of the argument suggesting Mr. Quattlebaum's 2016 declaration is the truth. This is an actual innocence claim and we may not consider it without permission from our Court of Appeals, as it attacks the underlying judgment of conviction, not the integrity of the federal habeas proceedings.

[56] Fed. R. Civ. P. 60(c)(1).